## Housing and Redevelopment Authorities

MICHAEL J. STACK, JR., Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, March 27, 1958.—You have asked our opinion whether certain unspecified housing and redevelopment authorities not subject to the Municipality Authorities Act of 1945 [1] may be required to file with your department, on forms furnished by your department, financial and general information relative to their operation. You have indicated that the information on bonds issued by housing and redevelopment authorities is of economic interest, that the operation of these authorities relates directly to municipalities and that the operational statistics are of interest to business.

Article IV, sec. 19, of the Pennsylvania Constitution, requires your department to establish a bureau of

---

[1] Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §301 et seq., which was amended by the Act of May 31, 1957, P. L. 223, sec. 1, to require authorities subject to its provisions to file such an annual report with the Department of Internal Affairs.

industrial statistics. The Administrative Code of 1929[2] charges your department with the duty and gives it the power: "To collect, compile, and prepare for publication, statistics and uniform data and information relating and pertaining to labor, coal mining, oil and gas production, manufacturing industries, commercial operations, public service companies, and other business interests of the State. . . ."

In 1921, by legislative act,[3] the Bureau of Statistics and Information was made a part of the Department of Internal Affairs and was directed "[to] collect, compile, and publish all statistics and useful data and information relating to labor, coal mining, oil and gas production, manufacturing industries, commercial operations, public service companies, municipalities, maritime interests and other business of the State; . . ."

In order to facilitate the discharge of these duties, the legislature[4] provided that: ". . . all persons, associations, copartnerships, and corporations, engaged as herein described, within this Commonwealth, and municipal and other public officers, are hereby required to furnish such statistical information as the Secretary of Internal Affairs . . . may require."

To insure coöperation by the above persons and bodies with your department, the legislature[5] further provided that:

"The Secretary of Internal Affairs, the chief of said bureau, or other person duly authorized by either of them, shall have power to issue subpoenas, administer

---

[2] The Administrative Code of April 9, 1929, P. L. 177, 71 PS §335.

[3] Act of April 20, 1921, P. L. 193, sec. 1, 71 PS §971.

[4] Id., at sec. 3.

[5] Id., at sec. 5.

oaths, hold hearings, and take testimony in all matters relating to the duties herein required of said bureau."

In addition to the last mentioned powers given to your department, the legislature [6] specified that: "Any person, association, copartnership, or corporation, doing business within the Commonwealth, or municipal or other public officer, who shall neglect or refuse, for thirty days, to answer questions requested by circular, official blanks or personal application, designed to secure the data and information required to be furnished by this act, or who shall refuse to obey the subpoena and give testimony according to the provisions of this act, shall be liable to a penalty of two hundred dollars."

The authority given by the Constitution and the language of The Administrative Code and the Act of 1921 is wide in scope. Phrases such as "and other business interests of the state", "all statistics", "all persons, associations, copartnerships and corporations", "or other public official", indicate a legislative mandate not narrowly to be construed. The acts reach both public and private bodies and persons, real and artificial. The organizational structures and powers of public authorities possess many of the characteristics of private corporations and at the same time many of the characteristics of traditional State agencies.[7] Such structures make the categorization of these authorities under one of these established entities difficult. We do not believe, however, for the purposes here contemplated, that such circumstance should materially affect the answer to your question. It is apparent that the

---

[6] Ibid.

[7] See Dornan v. Philadelphia Housing Authority, 331 Pa. 209 (1938) ; Belovsky v. Redevelopment Authority, 357 Pa. 329 (1947) ; The Council of State Governments, Public Authorities in the States 3-4 (1953).

language of both acts is sufficiently broad in its terms to include housing and redevelopment authorities not subject to the Municipality Authorities Act of 1945.

Accordingly, it is our opinion, and you are so advised, that housing and redevelopment authorities not subject to the Municipality Authorities Act of 1945 are legally obligated to file with your department, on forms furnished by your department, financial and general information relative to their operation.